**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHAHFIN SMITH,** | : | **CIVIL NO. 1:CV-14-0774** |
| **Petitioner,** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **ALGARIN JULIO, et al.,** | : | |
| **Respondents** | | |

_____

On April 22, 2014, Shahfin Smith ("Petitioner") filed this habeas corpus petition pursuant to 28 U.S.C. § 2254.  He is currently a pre-trial detainee confined at the Montgomery County Correctional Facility ("MCCF") in Norristown, Pennsylvania.  Named as Respondents are Algarin Julio, Warden at MCCF, the District Attorney of Montgomery County, and the Attorney General of Pennsylvania.  The petition has been given preliminary consideration and, for the reasons that follow, will be dismissed without prejudice because there are ongoing state court criminal proceedings.[1]

**I.      Background**

Petitioner is incarcerated in the Montgomery County Correctional Facility awaiting trial on various drug and related charges including: (1) Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver; (2) Intentional Possession of a Controlled Substance; and (3) Criminal Use of Communication Facility.  On March 25, 2014, an order was issued by the Montgomery County Court of Common Pleas denying Petitioner's motion to set bail.  In the instant petition, he challenges his confinement on grounds including unlawful search and seizure,

_____

[1] Petitioner will be granted in forma pauperis status for the sole purpose of filing the instant petition.

fraudulent arrest, entrapment, and improper denial of bail.  Based upon the foregoing, he requests his release from confinement.

## II.    Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993).  Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), which provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  A petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where the necessary facts can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Pursuant to 28 U.S.C. § 2254, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his or her confinement.  However, this section specifically provides that the person must be in custody pursuant to the judgment of a State court.  See 28 U.S.C. § 2254(a).  It is apparent from the instant petition that Petitioner has not yet been tried or convicted on the criminal charges he faces in Montgomery County, and thus, he is not yet in custody pursuant to the judgment of a state court.

Notwithstanding this deficiency, generally, federal courts must adjudicate all cases and controversies that are properly before them.  New Orleans Pub. Serv., Inc. v. Counsel of City of

2

New Orleans, 491 U.S. 350, 358 (1989).  Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue."  Heritage Farms, Inc. v Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982).  In Younger v. Harris, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding."  Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005)(discussing Younger, 401 U.S. 37 (1971)). The Younger Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings."  Younger, 401 U.S. at 43.  Younger abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims."  Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010)(quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)).

Notably, even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute . . . ."  Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).  These exceptions are to be narrowly construed.  Loftus v. Twp. of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa 1991).

It is clear that Petitioner is involved in ongoing criminal proceedings which implicate important state interests.  There is no indication that he has taken advantage of the state court

3

proceedings available to him to pursue the issues raised in the instant petition such as by seeking relief in the Court of Common Pleas or an appeal to the Pennsylvania Superior Court from any denial of relief.  Because it is possible that there is relief available at the state court level, there is an absence of extraordinary circumstances that would warrant this Court's intervention in this matter.  Thus, out of deference to the state judicial process, it is appropriate to abstain from entertaining the petition.  Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings."  Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992).  Based on the foregoing, the petition will be dismissed without prejudice.[2]

## III.    Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c) unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that

---

[2]  The Court also notes that even if there were not ongoing state proceedings and Petitioner could properly pursue his claims in a habeas corpus petition pursuant to 28 U.S.C. § 2254, the proper court to file any such petition would be the United States District Court for the Eastern District of Pennsylvania, the judicial district where Petitioner's custodian is located and where the conviction arose.  See 28 U.S.C. § 2241 (d).

4

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In the instant case, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.  An appropriate order follows.